FILED
SUPERIOR COURT
OF GUAM

2021 JUL -7 AM II: 03

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM POWER, INC. a Guam Corporation, as general partner on behalf of GUAM RESOURCE RECOVERY PARTNERS, a Delaware Limited Partnership, <br><br> Plaintiff, <br><br> v. <br><br> GOVERNMENT OF GUAM and GUAM ECONOMIC DEVELOPMENT AUTHORITY, a public corporation, <br><br> Defendants. | Civil Case No. CV1680-11 <br><br> **DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on June 7, 2021 for hearing on Defendants Government of Guam and Guam Economic Development Authority (collectively the "Defendants'") Motion to Dismiss for Failure to Prosecute ("Motion"). Attorney Samuel S. Teker represents Plaintiff, and Attorney Thomas J. Fisher represents the Defendants. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **GRANTS** the Defendants' Motion.

## BACKGROUND

Plaintiff originally brought this action for breach of contract against the Defendants on October 14, 2011. Verified Complaint at 1 (Oct.14, 2011). Plaintiff alleges the Defendants broke a license and amended license to enter into a contract to operate a waste-to-energy solid waste landfill. Id. at 1-2.

Decision and Order Granting Defendant's Motion to Dismiss for Failure to Prosecute
CV1680-11, *Guam Resource Recovery Partners v. Government of Guam & Guam Economic Development Authority*
Page **1** of **5**

On April 14, 2021, the Defendants filed their Motion to Dismiss for Failure to Prosecute. The Defendants justified dismissing the case due to years of stop-and-start litigation, unsuccessful attempts at mediation, and Plaintiff's lack of action throughout the past year. Motion at 1 (Apr. 14, 2021).

On June 7, 2021, Plaintiff filed its Opposition to the Defendants' Motion to Dismiss ("Opposition"). Plaintiff argued against dismissal, attributing the delay to the Defendants, citing the high public interest in resolving this matter, and the availability of less drastic sanctions. Opposition at 1-5.

The Court held a hearing on June 7, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Under the Guam Rules of Civil Procedure ("GRCP") Rule 41(b), "For failure of the plaintiff to prosecute... a defendant may move for dismissal of an action or any claim against the defendant." GRCP 41(b).

The Supreme Court of Guam has adopted a five-factor test to determine whether dismissal for failure to prosecute is appropriate. The Court should consider: "(1) The public's interest in expeditious resolution of litigation; (2) The court's need to manage its docket; (3) The risk of prejudice to the defendants; (4) The public policy favoring the disposition of cases on their merits; and (5) The availability of less drastic sanctions." *Santos v. Carney*, 1997 Guam 4, ¶ 5. "Dismissal is appropriate if at least four factors favor dismissal or three factors 'strongly' support dismissal." *Park v. Kawashima*, 2010 Guam 10, ¶ 10 (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). The burden is on the plaintiff to show the delay is reasonable and that the defendant is not prejudiced by the delay. Id. at ¶ 5. If a reasonable excuse for the inaction exists, the burden shifts to the defendant to demonstrate prejudice. Id. at ¶ 5.

### I. Public's Interest in Expeditious Resolution of Litigation and the Court's Need to Manage its Docket

The public's interest in the expeditious resolution of litigation and the Court's need to manage its docket are generally considered together. Id. at 7. The "public's interest in

Decision and Order Granting Defendant's Motion to Dismiss for Failure to Prosecute
CV1680-11, *Guam Resource Recovery Partners v. Government of Guam & Guam Economic Development Authority*
Page **2** of 5

expeditious resolution of litigation always favors dismissal." *Petition of Quitugua v. Flores*, 2004 Guam 19, ¶ 18.

Plaintiff commenced this action almost one decade ago upon filing their Complaint on October 14, 2011 and Verified First Amended Complaint on May 2, 2012. Since then, multiple efforts have been made to resolve the Complaint through mediation. Motion at 2 (Apr. 14, 2021). The party's last mediation attempt on record was November 8, 2018, and the parties failed to reach any agreement. Statement by Mediator (Nov. 13, 2018). Hardly any action has been taken to advance this case since then. The attempts to mediate do not excuse Plaintiff's inaction. *See Park v. Kawashima*, 2010 Guam 10, ¶ 14 ("Settlement negotiations, even when conducted in earnest," do not excuse Defendant from pursuing the case diligently "and did not constitute a good cause for the delay in bringing the case to trial.").

Plaintiff has done little to advance this case for many years now, going against the public's interest in expeditious resolution of litigation and contributing to the court's backlogged docket. Both these factors favor dismissal.

## II.    The Risk of Prejudice to the Defendants

There is substantial risk of prejudice to the Defendants should this case proceed. The Complaint was originally filed almost one decade ago, and has undergone several years of stop-and-start litigation. Apart from Plaintiff's counsel withdrawing, practically nothing has happened since the last motion hearing on August 26, 2019. Furthermore, the Plaintiff has still yet to provide discovery to the Defendants. Motion at 2 (Apr. 14, 2021). Because Plaintiff is now incarcerated, the chance of production seems remote and it is unclear whether Plaintiff ever intends to meet this evidentiary burden. Id. at 2. Plaintiff contends this delay is attributable to the Defendants, because they failed to attend multiple hearings in the past year. Opposition at 2 (Jun. 7, 2021). However, there have been a pattern of year-long delays in the litigation, including a separate period from December 23, 2013 through the beginning of 2015. Plaintiff has presented nothing to excuse this delay or the many others.

Decision and Order Granting Defendant's Motion to Dismiss for Failure to Prosecute
CV1680-11, *Guam Resource Recovery Partners v. Government of Guam & Guam Economic Development Authority*
Page 3 of 5

Prejudice is presumed since Plaintiff has provided no reasonable excuse for the delay in litigation or discovery. *Santos*, 1994 Guam, ¶ 8. This factor weighs in favor of dismissal.

**III.    Public Policy Favoring the Disposition of Cases on their Merits**

Although the factor considering public policy favoring disposition of a case on its merits ordinarily weighs against dismissal, the Supreme Court of Guam expressly stated "it is sufficient to demonstrate that the plaintiff has 'ignored his responsibilities to the court in prosecuting the action and the defendant has suffered prejudice as a result thereof.'" *Santos*, 1997 Guam 4, ¶ 9 (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 526 (9th Cir. 1976). The Plaintiff here has ignored his responsibilities to the court by failing to comply with local rules concerning discovery and the fundamental imperative to pursue its case.    The Defendants are presumed to have suffered prejudice because Plaintiff provided no reasonable excuse for the multi-year delay in litigation. *Santos*, 1994 Guam, ¶ 8.   This factor weighs in favor of dismissal.

**IV.    Availability of Less Drastic Sanctions**

While dismissal may appear a harsh remedy, the court need not impose lesser sanctions when doing so would encourage neglect and noncompliance with the Guam Rules of Civil Procedure. *Santos*, 1997 Guam 4, ¶ 10.   Considering the age and circumstances surrounding this case, any less drastic sanctions would encourage neglect and noncompliance.   The Court cannot allow plaintiffs to prejudice defendants by needlessly stalling litigation.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** the Defendants' Motion. This case will be dismissed with prejudice under Rule 41(b) because Plaintiff failed to diligently prosecute its case and the Defendants have suffered prejudice as a result of this unreasonable delay.

**IT IS SO ORDERED** this __July 7, 2021_____.

Decision and Order Granting Defendant's Motion to Dismiss for Failure to Prosecute
CV1680-11, *Guam Resource Recovery Partners v. Government of Guam & Guam Economic Development Authority*
Page **4** of **5**



**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

S. T. ᵔᵔ

T. ᵔᵔ

Date: _____ Time: 7/7/21

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

Decision and Order Granting Defendant's Motion to Dismiss for Failure to Prosecute
CV1680-11, *Guam Resource Recovery Partners v. Government of Guam & Guam Economic Development Authority*
Page 5 of 5